**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE ERNESTO GARCIA FARIAS, | No. 15-72627 |
| Petitioner, | Agency No. A206-411-224 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Rene Ernesto Garcia Farias, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").   We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, and de novo due process contentions, *Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012), and we deny the petition for review.

We reject Garcia Farias' contention that the agency violated his due process rights.   *See Lata v. INS*, 204 F.3d 1241, 1046 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's determination that Garcia Farias failed to establish that a protected ground was "one central reason" for the harm he experienced from his father, or that it would be for the harm he fears from his father or cartels in Mexico.   *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least 'one central reason' for persecution); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").   Thus, Garcia Farias' asylum and withholding of removal claims fail.   *See Zetino*, 622 F.3d at 1016.

Garcia Farias' CAT claim also fails because he did not demonstrate it is more likely than not that he would be tortured by or with the acquiescence of a

public official if returned to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard [for relief under CAT]").

We do not consider materials filed with the court that were not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

Finally, Garcia Farias' request for a stay of removal is denied as unnecessary in light of the October 20, 2015, order granting a temporary stay of removal.

**PETITION FOR REVIEW DENIED.**